**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FATIMA RAMAZANOVA, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 25-cv-01433 (DLF) |
| MARCO RUBIO, *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OPINION**

Fatima Ramazanova and Frank Emerson Wright, Jr. bring this action under the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361, to compel a final decision on Ramazanova's visa application.  Before the Court is the defendants' motion to dismiss.  *See* Dkt. 8.  For the reasons that follow, the Court will grant the motion.

## I.   BACKGROUND

Ramazanova, a national of the Republic of Turkmenistan, and Wright, a national of the United States, are married and reside in the United Arab Emirates.  Compl. ¶¶ III.1, V.4, Dkt. 1. On July 22, 2021, Wright filed Form I-130 Petition for Alien Relative with the U.S. Citizenship and Immigration Services, seeking to obtain an immigrant visa for Ramazanova.  *Id.* ¶ V.3.  He received approval notice on February 2, 2022.  *Id.*  Ramazanova submitted further paperwork and, on November 20, 2023, attended a visa interview.  *Id.* ¶ V.4.

Following the interview, Ramazanova received documentation informing her that her application had been refused under Section 221(g) of the Immigration and Nationality Act (INA) and would be placed in administrative processing.  *Id.*  She subsequently provided additional information by submitting Form DS-5535 Supplemental Questions for Visa Applicants.  *Id.*  Her

application, however, has remained in administrative processing. *See id.* ¶ V.5.  Ramazanova and Wright allege that the defendants' failure to adjudicate Ramazanova's application has caused them monetary hardship, emotional harm, and physical danger. *Id.* ¶¶ V.7–11.

On May 12, 2025, Ramazanova and Wright filed this action against eight government officials from the State Department, Department of Justice, Department of Homeland Security, and U.S. Citizenship and Immigration Services. *See id.* ¶¶ III.2–9.  Seeking relief under both the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361, they ask this Court to order the defendants to "take all appropriate action to adjudicate" Ramazanova's visa application.  Compl. ¶ I.1; *see id.* ¶¶ II.1–6.  The defendants have moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim. *See* Mot. to Dismiss 1, Dkt. 8.

## II.    LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing jurisdiction falls upon the party invoking it. *Id.*; *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  When deciding a Rule 12(b)(1) motion, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation modified).  A court may also "undertake an independent investigation" that examines "facts developed in the record beyond the complaint" to "assure itself

of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (citation modified).  If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A federal court lacks subject matter jurisdiction if the plaintiff does not establish standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992).  To establish standing, a plaintiff must show: (1) an "injury in fact"; (2) a "causal connection" between the injury and the challenged action; and (3) a likelihood that the "injury will be redressed by a favorable decision." *Id.* at 560–61 (citation modified).  Because "standing is not dispensed in gross," *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (citation modified), a plaintiff must establish standing as to each claim and defendant, *see Garcia v. Stewart*, 531 F. Supp. 3d 194, 205 (D.D.C. 2021).

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and a court must construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (citation modified).  A court need not, however, accept "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts alleged in the complaint. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citation modified).

When considering a Rule 12(b)(6) motion, a court may consider only the complaint itself, documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A Rule 12(b)(6) dismissal "is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

## III.    ANALYSIS

### A.  Non–Department of State Defendants

The defendants argue that Ramazanova and Wright's claims against the non–Department of State defendants should be dismissed for lack of jurisdiction. Mot. to Dismiss 4–5. The Court agrees.

Ramazanova and Wright have not alleged any facts from which the Court can conclude that they have standing to sue the Attorney General, the Secretary of Homeland Security, or the Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services. In particular, their complaint does not allege any facts showing that those defendants caused or are capable of redressing their injuries. *See, e.g.*, Compl. ¶ II.6 ("The APA requires the *Department of State* to carry out its duties within a reasonable time." (emphasis added)). Their opposition to the defendants' motion to dismiss similarly focuses on the Department of State defendants, arguing that Ramazanova and Wright's alleged injuries "are directly traceable to the State Department's failure to conclude the adjudication of [Ramazanova's] visa application." Pls.' Opp'n 14–15, Dkt. 9. Because Ramazanova and Wright have not alleged any facts to establish causation or redressability as to the non–Department of State defendants, the Court will dismiss their claims against those officials. *See Siddiqui v. Blinken*, 646 F. Supp. 3d 69, 74–75 (D.D.C. 2022) (dismissing claims against the Secretary of the Department of Homeland Security, the

4

Director of the U.S. Citizenship and Immigration Services, the Attorney General, and the Director of the FBI because the plaintiff failed to allege any facts regarding their involvement in adjudicating the subject visa applications).

### B.  Mandamus and APA Claims

Ramazanova and Wright seek to compel the defendants to adjudicate Ramazanova's visa application under both the Mandamus Act and § 706(1) of the APA.  *See* Compl. ¶¶ I.1, II.1–6, IV.1–11.

The threshold requirements for these claims are functionally the same.  A party seeking mandamus relief "must first establish that the agency has violated a crystal-clear legal duty."  *In re Ctr. for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022) (citation modified).  Similarly, a party pursuing a § 706 failure-to-act claim must "identify a legally required, discrete act that the [agency] has failed to perform."  *Montanans for Multiple Use v. Barbouletos*, 568 F.3d 225, 227 (D.C. Cir. 2009).[1]

Ramazanova and Wright argue that three separate sources of law obligate the defendants to further adjudicate Ramazanova's visa application.  None is sufficient to support their APA or mandamus claim.

First, Ramazanova and Wright note that § 555(b) of the APA obligates an agency "to conclude a matter presented to it" "within a reasonable time."  5 U.S.C. § 555(b); *see* Compl. ¶¶ II.2, II.6, IV.6.  But recently, in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir.

---

[1] These claims do, however, differ in one key respect.  If a party seeking mandamus relief fails to adequately allege that the agency has violated a clear legal duty, the Court lacks subject matter jurisdiction over the mandamus claim.  *See Illinois v. Ferriero*, 60 F.4th 704, 713–14 (D.C. Cir. 2023).  But if a party seeking § 706 relief fails to identify a legally required, discrete action that the agency failed to perform, the party has failed to state a claim for unreasonable delay.  *See Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023).

July 24, 2024), the D.C. Circuit held that § 555(b) does not "plac[e] a clear, non-discretionary duty" on a consular officer to "re-adjudicate [an] already-refused application." *Id.* at \*3 (citation modified). There, as here, a visa applicant sought APA and mandamus relief, arguing that a consular officer breached her duty to make a final decision within a reasonable time when the officer reviewed the plaintiff's visa application, interviewed the plaintiff, refused the plaintiff's application, and placed the application in administrative processing. *Id.* at \*2. The D.C. Circuit held that this course of action did not violate the agency's duty to "'conclude a matter' within a 'reasonable time.'" *Id.* at \*3 (quoting 5 U.S.C. § 555(b)). "[A]*t most*," the court explained, § 555(b) "entitled [the plaintiff] to the official refusal decision she already received"—it "d[id] not in any way dictate how the agency c[ould] handle her rejected paperwork after [that] decision ha[d] been made." *Id.* at \*4. As such, § 555(b) was not an "adequate legal basis" under which the plaintiff could "obtain the exceptional and rare relief of an order compelling the consular officer overseeing her visa application to make yet another 'final decision' on her already-refused visa application." *Id.* at \*6.

Although *Karimova* was unpublished, this Court and other district courts have applied its reasoning as persuasive. *See, e.g.*, *Baradaran v. Rubio*, No. 24-cv-02946, 2025 WL 2506546, at \*2 & n.3 (D.D.C. Sept. 2, 2025) ("Although the Court does not view *Karimova* as binding, . . . its reasoning is persuasive and applies here."); *Doroodchi v. Rubio*, No. 24-cv-03170, 2025 WL 1865114, at \*4 (D.D.C. July 7, 2025) (applying *Karimova* as "the considered and unanimous judgment of a D.C. Circuit panel"); *Moradi v. Rubio*, No. 24-cv-02902, 2025 WL 1865110, at \*6 (D.D.C. July 7, 2025) (accepting *Karimova*'s persuasive value because it was "entered following oral argument and includes a rather lengthy exegesis of its legal reasoning"); *Al-Kawaz v. U.S. Dep't of State*, No. 24-cv-01792, 2025 WL 1768103, at \*4 (D.D.C. June 26, 2025) ("The Court is

6

persuaded by *Karimova*."). *But see, e.g.*, *Ahmed v. Blinken*, 759 F. Supp. 3d 1, 10 n.4 (D.D.C. 2024) ("This Court has considered *Karimova* but declines to follow it."). Applying *Karimova* here, the Court concludes that the defendants did not violate a clear and direct legal duty under § 555(b) of the APA.

Ramazanova and Wright also point to Department of State regulations requiring consular officers to "properly and promptly" process visa applications, 22 C.F.R. § 41.106, by issuing, refusing, or discontinue granting a visa application that "has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations," *id.* § 41.121(a); *see* Compl. ¶¶ I.2, IV.4, IV.11. The defendants, however, fulfilled this duty when the consular officer refused Ramazanova's visa application. *See* Compl. ¶¶ V.4–5; Pls.' Opp'n 11, 13. At that time, Ramazanova received the very decision mandated by the regulations on which the plaintiffs rely. *Cf. Karimova*, 2024 WL 3517852, at *4.[2]

At bottom, Ramazanova and Wright dispute that the consular officer's decision on Ramazanova's visa application was final. *See* Pls.' Opp'n 12 ("[A] visa application that has been temporarily refused under INA § 221(g) for administrative processing is not a 'final refusal' that concludes the agency's duty."); *see also id.* at 12–13, 17–19. But the statute and regulations they identify entitled Ramazanova only to a decision on her visa application. "Nothing in federal law speaks to the ability of a consul, after making that decision, to hold onto the application in case circumstances later change in the applicant's favor, thereby saving the applicant the time and cost

---

[2] Although Ramazanova and Wright cite to 22 C.F.R. § 41.121(a), which applies to nonimmigrant visa applications, the Court notes that 22 C.F.R. § 42.81(a), which applies to immigrant visa applications, may be more relevant to their claims. As "[b]oth regulations contain similar language requiring a consular officer to issue the visa, refuse the visa, or discontinue granting the visa after an application has been properly completed and executed," *Baradaran*, 2025 WL 2506546, at *3 n.4, the Court's analysis is the same for both provisions.

of filing a whole new visa application." *Karimova*, 2024 WL 3517852, at \*4; *see Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87, 102 (D.D.C. 2024) ("Once a consular officer either issues or refuses a visa, and provides a legal basis for doing so, nothing in the INA or its regulations require consular officers to do anything more.").

Because Ramazanova and Wright do not point to a clear legal duty that the defendants failed to fulfil after refusing Ramazanova's visa application and placing it in administrative processing, *see In re Ctr. for Biological Diversity*, 53 F.4th at 670; *Montanans for Multiple Use*, 568 F.3d at 227, the Court lacks subject matter jurisdiction to issue mandamus relief, and Ramazanova and Wright fail to state a claim for unreasonable delay under the APA, *see Illinois*, 60 F.4th at 713–14; *Da Costa*, 80 F.4th at 340.[3]

### CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss, Dkt. 8, is granted. The plaintiffs' claims against defendants Pamela Bondi, Kristi Noem, and Kika Scott are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). As to the remaining defendants, the plaintiffs' Mandamus Act claim is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1), and the plaintiffs' Administrative Procedure Act claim is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

March 23, 2026

---

[3] As the Court agrees that Ramazanova and Wright have not identified a clear non-discretionary duty that the defendants must fulfill for an already-refused visa application, it need not address the defendants' alternative argument that their claims should be dismissed under the consular non-reviewability doctrine. *See* Mot. to Dismiss 10–13.

8